IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| KIMBERLY MILLER, | : | Case No. 3:23-cv-00355 |
| Plaintiff, | : : | Magistrate Judge Caroline H. Gentry |
| vs. | : : | (by full consent of the parties) |
| ALLSTATE INSURANCE COMPANY, | : : | |
| Defendant. | : : | |

## OPINION AND ORDER

This is an action for bad faith under Ohio law. (Complaint, Doc. No. 4.) Plaintiff is an Ohio homeowner and Defendant is an insurance provider that insured Plaintiff's property. Plaintiff alleges that, following fire damage to the insured property, Defendant improperly denied her claim under the policy. This matter is now before the Court on Defendant's Motion for Judgment on the Pleadings (Motion, Doc. No. 15). For the reasons set forth below, the Court DENIES Defendant's Motion.

I.   **LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The Court analyzes the motion for judgment on the pleadings "using the same standard as that for a Rule 12(b)(6) motion: all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Ross v. PennyMac*

*Loan Servs. LLC*, 761 F. App'x 491, 493 (6th Cir. 2019) (internal quotations omitted). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Id*. (internal quotations omitted). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The ultimate inquiry is "whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

When a written instrument is attached as an exhibit to a pleading, that exhibit "is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also McLaughlin v. CNX Gas Co., LLC*, 639 F. App'x 296, 298 (6th Cir. 2016) (applying Rule 10(c) to motion for judgment on the pleadings). Therefore, "[a] court considering a motion for judgment on the pleadings considers the pleadings and the exhibits attached thereto." *Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 494 (6th Cir. 2019). However, the court is not required to accept as true every statement contained within such an exhibit. *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008); *see also Never Tell Farm, LLC v. Airdrie Stud, Inc.*, 123 F. App'x 194, 197 (6th Cir. 2005) (court should construe exhibits to pleadings in light most favorable to plaintiff and not accept legal conclusions in exhibits as true).

2

## II. STATEMENT OF FACTS

### A. Plaintiff's Allegations

At the time of the events described in the Complaint, Plaintiff lived with her adult son, Jacob Miller, at 110 Coach Drive, Monroe Township, Ohio ("the Property"). (Doc. No. 4, PageID 84.) Defendant Allstate had previously issued a policy that insured the Property against accidental loss. (*Id.* at PageID 86.) On August 8, 2022, the Property was severely damaged by a fire that was determined to have been caused unintentionally, and likely the result of discarded smoking materials. (*Id.* at PageID 86-88.)

Plaintiff filed a claim with Defendant for fire damage to the Property. (Doc. No. 4, PageID 86.) Defendant denied the claim on the basis of misrepresentation or concealment of material information regarding the fire. (*Id.* at PageID 88.) Plaintiff contests the justification for Defendant's denial, and claims that its investigation was incomplete, self-serving, and focused on intimidation and creating irrelevant inconsistencies. (*Id.*) Plaintiff further alleges that Defendant knew that her claim was valid and that its denial was made in bad faith. (*Id.* at PageID 90.) As a result of the denial, Plaintiff was forced to sell the Property without repairs and at a significant loss. (*Id.* at PageID 88.)

### B. Defendant's Allegations

Defendant denies that it acted in bad faith and attaches its denial letter to its Answer. (Doc. No. 8, PageID 150-58.) In the denial letter, Defendant advised Plaintiff that coverage was denied due to the intentional concealment and misrepresentation of material information, as well as non-cooperation. (*Id.* at PageID 156-57.) Specifically, Defendant accused Jacob Miller of deleting data from his cell phone and then initially

3

denying under oath (before later admitting) that he deleted the data. Defendant also accused Plaintiff of misrepresenting her financial condition, her mortgage status, Jacob Miller's contact information, Jacob Miller's willingness and ability to provide statements about the fire, and Plaintiff's communications with an individual who she thought may have caused the fire. (*Id*. at PageID 156-57.) Finally, Defendant stated that Plaintiff and her son had provided inconsistent and conflicting testimony about their activities during the morning of the fire. (*Id*. at PageID 157.)

### III. ANALYSIS

Defendant argues that it is entitled to judgment as a matter of law because its denial letter "explains the basis for [Defendant]'s determination and demonstrates that [Defendant]'s decision was not arbitrary and capricious." (Motion, Doc. No. 15, PageID 181.) This argument is not well-taken.

As an initial matter, as Plaintiff correctly notes (Doc. No. 16, PageID 186-87), the contents of an attached written instrument are incorporated into a pleading *as allegations*, not as proven facts. *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008). Although the Court accepts Defendant's denial letter as part of the pleadings, the factual assertions in that letter must be proven with evidence, and are not established facts.

Furthermore, as Defendant concedes, judgment on the pleadings is appropriate only "when no material issue of fact exists and the moving party is entitled to judgment as a matter of law." (Doc. No. 17, PageID 191 (citing *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).) This standard does not allow a court to weigh the parties' competing factual allegations and decide which ones to adopt. *See*

4

*Jones*, 521 F.3d at 561 ("[W]e accept as true [that the defendant made the statement contained in the attached written instrument] . . . We do not accept as true, however, that [the] statement is accurate or true; this is a question of credibility and weight of the evidence that is not before a court considering a motion to dismiss.").

Instead, the Court must determine whether, construing the allegations in Plaintiff's Complaint in her favor, she "undoubtedly can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *see also Jones*, 521 F.3d at 561 (affirming denial of motion to dismiss where "[the] defendants do not directly challenge the proposition that the facts alleged in the complaint state valid . . . claims" but merely "state that facts *not* alleged in the complaint support their claim of qualified immunity" (emphasis added)). Because Defendant has not demonstrated that Plaintiff undoubtedly cannot prove her claim – and because the facts are disputed – Defendant is not entitled to judgment as a matter of law.

## IV. CONCLUSION

In sum, for the reasons stated, Defendant's Motion for Judgment on the Pleadings (Doc. No. 15) is **DENIED**.

    **IT IS SO ORDERED.**

    */s/ Caroline H. Gentry*
    Caroline H. Gentry
    United States Magistrate Judge

5